**UNITED STATES of America,
Plaintiff,**

v.

**Charles R. STEWART, and Paul Washington Kibby, Defendants.**

**No. 66 CR 58(1).**

United States District Court,
E. D. Missouri, E. D.

July 9, 1970.

Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., for plaintiff.

Harry Roth, Clayton, Mo., Samuel Raban, co-counsel, St. Louis, Mo., for defendants.

## MEMORANDUM OPINION AND ORDER

HARPER, Chief Judge.

This matter is before the court on the motion of the defendant, Charles R. Stewart, for a new trial.

The defendant was tried, found guilty, appealed, affirmed by the Court of Appeals, and certiorari denied by the Supreme Court. The defendant seeks a new trial on the basis that evidence not available to the defendant at the time of the trial has come into his possession. The motion alleges that Agent Patch, one of the witnesses, was not in position to see what he testified to at the trial.

To support this contention the defendant offered to the court for what it is worth the affidavit of one Ophelia Brown, mother of Dudley Brown, one of the witnesses in the case. The affidavit is of no value, because Ophelia Brown, a resident of the St. Louis area, was not produced at the hearing on the motion, and the defendant's attorney stated that she would only testify if she were paid $550.00 for testifying.

The affidavit itself does not pinpoint dates. It states what the witness could have seen, yet it does not state that the witness was at the location at all times, and is of no value without giving the government the opportunity to cross-examine, particularly when the affiant was in the area and could have been produced.

The attorneys further make much of the affidavit of Dudley G. Brown, who testified at the trial, and based upon the affidavit it would appear would contradict his testimony, but the first statement given by Dudley G. Brown to Harry Roth, one of the attorneys for the defendant, not sworn to, stated that he hoped that the information furnished would be helpful in securing an early parole for himself, who was then and is now incarcerated in the Missouri Penitentiary. The statement thereafter was notarized, and the defendant's attorney sought to have Brown brought by writ before the court to testify. The court suggested that Brown be contacted to determine whether or not he would be willing to testify. He was contacted at the Missouri Training Center for Men in Moberly, Missouri, where he is now incarcerated, and he gave a statement on May 14, 1970, which was included in the record at the hearing.

Without going into the various inconsistencies in the statement, it is enough to be said that Brown stated, in part: "I will not take a lie detector test and I will not agree to be placed under oath before I sign this statement. I will not testify about the matter contained in this statement if I am brought back for a hearing or a trial."

In such a state of the record, the court is at loss to understand what newly discovered evidence has been found, particularly that of any consequence. Defendant's motion for a new trial is accordingly overruled in all particulars.